IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF DEVIN COLEMAN § No. 365, 2020
FOR A WRIT OF MANDAMUS §

Submitted: November 10, 2020
Decided: January 8, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the petition of Devin Coleman for an extraordinary writ of mandamus, it appears to the Court that:

(1) The petitioner, Devin Coleman, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus vacating the Superior Court's denial of his motion for modification of bail and ordering the Superior Court to hold a new hearing on that motion. The State of Delaware has filed an answer and motion to dismiss Coleman's petition. After careful review, we find that Coleman's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2) On June 17, 2014, Coleman resolved two criminal cases (Criminal ID No. 1303012706 and Criminal ID No. 1303004663) by pleading guilty to possession of a firearm by a person prohibited ("PFBPP"), second-degree conspiracy, second-degree reckless endangering, and two counts of disregarding a police officer's

signal. In Criminal ID No. 1303012706, the Superior Court sentenced Coleman as follows: (i) for PFBPP, as a habitual offender under 11 *Del. C.* § 4214(a), eight years of Level V incarceration; (ii) for disregarding a police officer's signal, two years of Level V incarceration, suspended for one year of Level III probation; and (iii) for second-degree conspiracy, two years of Level V incarceration, suspended for one year of Level II probation. In Criminal ID No. 1303004663, the Superior Court sentenced Coleman as follows: (i) for second-degree reckless endangering, one year of Level V incarceration suspended for one year of Level II probation; and (ii) for disregarding a police officer's signal, two years of Level V incarceration suspended for one year of Level II probation. This Court dismissed Coleman's untimely appeal of the Superior Court's judgment.[1]

(3)     In June 2020, Coleman began serving conditional release for his PFBPP conviction and probation for his other convictions.[2] On July 23, 2020, an administrative warrant was filed for Coleman's violation of his conditional release and probation. The violation report alleged that Coleman committed new crimes by possessing two loaded firearms. In September 2020, a grand jury indicted Coleman for multiple weapon charges, including PFBPP.

---

[1] *Coleman v. State*, 2014 WL 4629376 (Del. Sept. 16, 2014).
[2] An offender released on or after August 8, 2012 serves his conditional release concurrently with his probation. 11 *Del. C.* § 4383(c).

(4)     For the violation of conditional release and probation, Coleman's bail was initially set at $300,000 cash to be split between Criminal ID Nos. 1303012706 and 1303004663.  This was modified to $180,000 cash for Criminal ID No. 1303012706 and $120,000 cash for Criminal ID No. 1303004663.  On August 28, 2020, Coleman's counsel filed a motion for modification of bail.  The Superior Court denied the motion and ordered that the matter be scheduled for a violation of conditional release and probation hearing as soon as possible.

(5)     A contested violation hearing was scheduled for December 11, 2020, but then continued on that date.  At the December 11, 2020 hearing, Coleman waived his right to counsel.  The Superior Court docket does not presently reflect the scheduling of a violation hearing.

(6)     On October 30, 2020, Coleman filed a petition for a writ of mandamus in this Court.  In the petition, Coleman asks this Court to order the Superior Court to vacate the order denying his motion for modification of bail and to hold a new hearing on that motion.  Coleman contends that the current bail is excessive because he was only on probation for the non-violent felony of disregarding a police officer's signal.  The State has answered and moved to dismiss the petition.

(7)     A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its

3

duty.[3] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[4]

(8) There is no basis for the issuance of a writ of mandamus in this case. Coleman has failed to demonstrate that the Superior Court has arbitrarily failed or refused to perform a duty to which he has a clear right. The Superior Court set Coleman's bail for his violation of conditional release and probation. In arguing that this bail was excessive because he was only on probation for traffic offenses, Coleman ignores that he was on conditional release for a violent felony (PFBPP) as well as probation for second-degree conspiracy and second-degree reckless endangering. Coleman's petition for a writ of mandamus must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] *Id.*

4